**Frank FREELAND, Appellant**

v.

**COMMISSIONER OF INTERNAL REVENUE.**

No. 09–1111.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Sept. 14, 2009.

Opinion filed Sept. 15, 2009.

Frank Freeland, Croydon, PA, pro se.

Gary R. Allen, Esq., Janet A. Bradley, Esq., Nathan J. Hochman, Esq., Andrea R. Tebbets, Esq., United States Department of Justice, Donald L. Korb, Esq., Internal Revenue Service, Washington, DC, for Commissioner of Internal Revenue.

Before: RENDELL, FUENTES and ALDISERT, Circuit Judges.

OPINION

PER CURIAM.

Frank Freeland appeals pro se from the United States Tax Court's Order and Decision granting the Commissioner of Internal Revenue's (IRS) motion for summary judgment in this action to collect unpaid taxes. We will affirm.

I.

On March 30, 2007, following a Collection Due Process hearing (26 U.S.C. § 6330), the IRS Appeals Office in Philadelphia, Pennsylvania, issued a Notice of Determination approving a proposed levy upon Freeland's property to collect unpaid income taxes for 2002 and 2003. Freeland timely sought review of this determination in the United States Tax Court. He argued, inter alia, that the Appeals Office improperly denied an opportunity to challenge the underlying determination of his tax liability. The IRS moved for summary judgment, arguing that the Appeals Office correctly precluded any challenge to the finding of liability because the IRS had

mailed Notices of Deficiency to Freeland's current address, and Freeland had failed to challenge those deficiency notices by filing a petition in the Tax Court.

Freeland elected not to appear on the date scheduled for a hearing on the summary judgment motion. On October 7, 2008, the Tax Court issued its Order and Decision entering summary judgment and allowing the collection action to proceed in accordance with the Notice of Determination. The Tax Court rejected Freeland's claim that he was improperly denied an opportunity to contest the liability determination, and observed that Freeland made no showing of the issues that he would raise regarding his tax liability even if that question could be considered. The Tax Court noted that Freeland waived any further opportunity to challenge the Notice of Determination by failing to appear at the hearing, that Freeland's arguments were otherwise groundless, and that the Appeals Office did not abuse its discretion. Freeland timely filed this appeal.[1]

## II.

This Court has jurisdiction under 26 U.S.C. § 7482(a)(1). We exercise plenary review over the Tax Court's entry of summary judgment. *See Conn. Gen. Life Ins. Co. v. Comm'r,* 177 F.3d 136, 143 (3d Cir. 1999).

Freeland first contends that the Tax Court erred by "conducting a trial *de novo* rather than reviewing the record of Appellant's Collection Due Process hearing." According to Freeland, the Tax Court "admitted new evidence into the appeal" and failed to limit its review to the record before the Appeals Office. Freeland seems to object in particular to the evidence supporting the IRS's motion for summary judgment on the question of its mailing of the 2002 and 2003 Notices of Deficiency.

We agree with the IRS that this contention lacks merit. The Tax Court expressly adjudicated Freeland's appeal as a matter of law, and did not conduct a "trial de novo." In its own words, the Tax Court held that "there is no genuine issue of material fact, ... no abuse of discretion occurred, and ... judgment may be entered as a matter of law." We are satisfied that the Tax Court's review was appropriate. Furthermore, in light of Freeland's contention that he should be permitted to challenge the underlying determination of tax liability because he purportedly never received the Notices of Determination, the Tax Court did not impermissibly expand the record by considering evidence of mailing (i.e., the USPS Forms 3877) that merely confirmed the basis for the Appeals Office's finding that the Notices of Deficiency were in fact properly mailed to Freeland. *See Robinette v. Comm'r,* 439 F.3d 455, 462 (8th Cir.2006) ("[W]here a record created in informal proceedings does not adequately disclose the basis for the agency's decision, then it may be appropriate for the reviewing court to receive evidence concerning what happened during the agency proceedings. The evidentiary proceeding in those circumstances, however, is not a *de novo* trial, but rather is limited to the receipt of testimony or evidence explaining the reasoning behind the agency's decision.") (citation omitted).

Freeland next argues that the Tax Court erred in affirming the determination that the IRS properly delivered the Notices of Deficiency. Freeland claims that

---

**1.** On November 14, 2008, Freeland filed a "Motion to Vacate Order and Decision," which the Tax Court denied on November 18, 2008. Freeland does not expressly challenge on appeal the decision to deny his Motion to Vacate, and thus we limit our analysis to the Tax Court's October 7, 2008, Order and Decision.

he "does not recall" receiving the Notices, and because he claims that the IRS failed to prove that he received the Notices, Freeland argues that he was impermissibly denied an opportunity to challenge the underlying determination of his tax liability.

■ A taxpayer at a Collection Due Process hearing can challenge the "existence or amount of the underlying tax liability for any tax period" if the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." 26 U.S.C. § 6330(c)(2)(B). Here, the Appeals Office found, and the Tax Court affirmed, that Freeland was properly served with the Notices of Deficiency. The IRS submitted copies of the Notices along with evidence establishing certified mailing to an address that Freeland does not dispute is his proper mailing address. Freeland made no showing at all to overcome the presumption that proper mailing of the Notices was sufficient evidence of their delivery in this case. Freeland's claim that he does not "recall" receiving the Notices does not undermine the finding of proper mailing.[2] Consequently, because Freeland did not timely contest the Notices of Deficiency, the Appeals Office and the Tax Court did not err in precluding a challenge to the underlying liability determinations.

■ Freeland also suggests, as he did before the Tax Court, that the Appeals Office erred in failing to afford him a face-to-face Collection Due Process hearing. The Appeals Office found that Freeland failed to present any non-frivolous challenge to the proposed levy. Freeland has

made no showing to rebut that conclusion. A Collection Due Process hearing need not be face-to-face when the petitioner raises only frivolous arguments. *See* 26 C.F.R. § 301.6330–1(d)(2)(A–D8) ("A face-to-face CDP conference concerning a taxpayer's underlying liability will not be granted if the request for a hearing or other taxpayer communication indicates that the taxpayer wishes only to raise irrelevant or frivolous issues concerning that liability."). We discern no error in the decision to afford Freeland a telephonic hearing only.

We have considered Freeland's remaining contentions and find them without merit. We will affirm the Tax Court's decision.

---

**2.** In addition, Freeland's attempt to case doubt upon delivery of the Notices is undermined by the record evidence that: (1) he attached a copy of the 2003 Notice of Deficiency to his Amended Petition before the Tax Court, suggesting that he had received at least the 2003 Notice; (2) he stated to the Appeals Office, "I don't open my mail anymore," which is hardly evidence of non-delivery; and (3) he appears to have received every other item that the IRS has mailed to the same address in this matter.